**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BLAINE BACHUS** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.5:23-cv-1374** |
| | § | |
| **FLIGHTSAFETY INTERNATIONAL,** | § | |
| **INC.** | § | |
| *Defendant* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **BLAINE BACHUS**, hereafter referred to as "Mr. Bachus" or "Plaintiff," and files this, his Original Complaint and Jury Demand against Defendant **FLIGHTSAFETY INTERNATIONAL, INC.**, ("Flightsafety", or "Defendant"). Mr. Bachus alleges that the Defendant terminated him due to his age in violation of the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. For causes of action, Mr. Bachus would show this Court as follows:

**I.**
**PARTIES**

1. Plaintiff **BLAINE BACHUS** is a resident of San Antonio, Bexar County, Texas.

2. Defendant, **FLIGHTSAFETY INTERNATIONAL, INC.**, is New York Corporation doing business within the Western District of Texas San Antonio Division. Citation may be served upon Defendant by delivery of citation to its registered agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701. A waiver of service has been requested.

**II.**
**JURISDICTION AND VENUE**

1

3.      The Court has jurisdiction to hear the merits of Bachus' claims under 28 U.S.C. §1331 as they arise under federal statutes, specifically the Age Discrimination in Employment Act.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5.      All the acts alleged herein occurred in Bexar County, Texas.

6.      Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

7.      At the time of filing, damages are within the jurisdictional limits of the court.

### III.
### MISNOMER / MISIDENTIFICATION

8.      If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.
### FACTS

9.       Plaintiff Blaine Bachus worked for Defendant Flightsafety International, Inc. from January of 1998 until he was terminated on or about August 12, 2022.  At the time of termination, Plaintiff was 68 years' old.

10.     Bachus is a highly qualified and skilled pilot with ample experience from his service in the Air Force including certifications for flying the U-2 plane for more than 1,000 hours, and service as an aircraft commander in the KC-135 tanker.  He also holds an FAA license that certifies him as a Pilot in Command, Airline Transport Pilot CE-500, CE-525S, CE-560XL, Second in Command CE-680, Single engine and Multi Instrument Flight Instructor, and CFII.

11.     Flightsafety International, Inc. provides training in various aspects of business and

commercial flight training including pilot training.

12.    Bachus worked for Flightsafety as a program manager and pilot trainer.

13.    Beginning in 2020, Bachus observed that Flightsafety was firing older center managers who were over 65.  The center manager for the San Antonio location, Andy Parrish, was replaced by a younger employee, Chad Raney.

14.    In March of 2022, Shawn DeMull became the Director of training. DeMull told Bachus and others that the older flight instructors needed to learn more computer skills and that he was brought in to "make changes."

15.    Bachus observed that older employees became the targets of these "changes."  In November of 2022, the Director of Standards, Jerry Garrett, was terminated.  Mr. Garrett was over 65 at the time.  Bachus believes that Garrett was terminated due to scheduling problems that were created as a pretext to terminate Garrett.

16.    Bachus was also informed that older employees were being watched and targeted.

17.    Bachus conducted training sessions on June 24, 25, 26, and 27 of 2022.

18.    On August 11, 2022, Bachus was instructed to correct the training record and did.

19.    Following that training Bachus was criticized for not having the training simulator active for the entire two hour periods.  Bachus had never been told that he was required to have the simulator active for the entire period either by federal regulation or any policy of Flightsafety.

20.    Additionally, the way the trainings were scheduled made it impossible to have the simulator active for the entire two hour period.  The trainers were scheduled to perform 2 training sessions each lasting 2 hours per 4 hour training block.  The trainers had to give introductions and take breaks during each two hour session and the simulator would not be active during those.

21.    Bachus' experience was that other trainers were not recording their 2-hour sessions

as having the simulator active the entire time either.  Additionally, it was proper to record simulator time from when you cross the threshold of the simulator, not when it was active.

22.     On August 12, 2022, Bachus was terminated for indicating on a training summary from June 24 that a maneuver had been performed when it had not.  Bachus made a simple clerical error, but despite this Flightsafety characterized his actions as "falsification of documents" and moved to terminate him immediately, ignoring their own progressive disciplinary policy.

23.     Bachus also learned later that Flightsafety was keeping track of which of its employees were over 65 and over 70.

### V.
### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT/TITLE VII AND THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

24.     The evidence will establish the elements of Plaintiffs cause of action for age discrimination, including that:

> (a) Plaintiff is a member of the protected class (Plaintiff was 68 at time of termination);
>
> (b) Plaintiff was qualified for the position at issue (Plaintiff had decades of experience as a pilot and flight instructor);
>
> (c) Plaintiff was subject to an adverse employment action while he was within the protected class (Plaintiff was terminated when he was 68); and
>
> (d) He was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. (Plaintiff continued to work as he had for the previous 24 years and then was told he was not recording training correctly when he and other younger trainers had always recorded time the same way.  He was immediately terminated despite a correctable clerical error and told he was "falsifying documents."  Other older worker had been terminated and management had expressed a negative attitude towards older workers.

25.     The evidence will further show that Defendant's proffered "legitimate non-discriminatory reason for termination" was pretext for its discriminatory motive.  Defendant did

4

not follow its own disciplinary policies and exaggerated Plaintiff's correctable error to justify the termination.

26.    The evidence will also demonstrate that Defendant's conduct was willful.

## VI.
## RESPONDEAT SUPERIOR

27.    Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment.  Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## VII.
## DAMAGES

28.    Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

(1) Lost wages, past and future;

(2) Compensatory Damages, including harm to professional reputation inconvenience, and mental anguish suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

(3) Plaintiff asserts that Defendant's violation of the ADEA was willful and that Plaintiff is therefore entitled to liquidated damages;

(4) Reasonable attorney fees, expert fees and costs.

## VIII.
## ADMINISTRATIVE FILINGS

29.    Plaintiff filed his original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

30.     Thereafter, Plaintiff received a Right to Sue letter the EEOC on her charge, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed his Plaintiff's Original Complaint.

## IX.
## ATTORNEY FEES

31.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.  Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

(1) Preparation and trial of the claim, in an amount the jury deems reasonable;

(2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

(3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

(4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

(5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## X.
## JURY DEMAND

32.     Plaintiff further demands a trial by jury.  A jury fee has been tendered.

## X
## PRAYER FOR RELIEF

WHEREFORE, **BLAINE BACHUS** requests Defendant be cited to appear and answer, and that on final trial, Bachus have judgment against Defendant as follows:

(1) judgment against Defendant for Bachus' actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

6

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Bachus may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**

BY: */s/ Alan Braun*

       **ADAM PONCIO**
       **STATE BAR NO. 16109800**
       **aponcio@ponciolaw.com**
       **ALAN BRAUN**
       **STATE BAR NO. 24054488**
       **abraun@ponciolaw.com**

       **ATTORNEYS FOR PLAINTIFF**